1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

CHARLES T. KIRVIN,
CDCR #AN-3903,

                                    Plaintiff,

        vs.


J, MORFFIN, Correctional Officer;
J. CEPADA, Correctional Officer;
O. LOPEZ, Correctional Officer;
K. ORTIZ, Correctional Officer,

                                    Defendants.

Case No.:  22cv227-LL-AHG

**ORDER: (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND (2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SUMMONS AND COMPLAINT PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)**

**[ECF No. 2]**

Plaintiff Charles T. Kirvin, proceeding pro se, is currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. *See* ECF No. 1 ("Compl."). Kirvin alleges four RJD Correctional Officers violated his Eighth and Fourteenth Amendment rights by labeling and publicly identifying him as a child molester in the presence of his fellow inmates. *See id.* at 3. Kirvin did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) at the time of filing, but instead has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). ECF No. 2.

1

## I.    IFP Motion

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402. *See* 28 U.S.C. § 1914(a).[1] The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). The fee is not waived for prisoners, however. If granted leave to proceed IFP, prisoners remain obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether their actions are dismissed for other reasons. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

To qualify, Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those

/ / /

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 84.

In support of his IFP Motion, Kirvin has submitted a certified copy of his CDCR Inmate Statement Report as well as a prison certificate authorized by a RJD Trust Accounting Office Supervisor attesting as to his trust account transactions, deposits, and balances for the six-month period preceding the filing of his Complaint. *See* ECF No. 2 at 4–6; *see also* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These financial records show Kirvin carried a zero monthly balance, had no deposits credited to his account over that time, and had an available balance of only $.20 to his credit at the time of filing. *See* ECF No. 2 at 5, 6.

Therefore, the Court **GRANTS** Kirvin's Motion to Proceed IFP (ECF No. 2) and declines to assess any initial partial filing fee pursuant to 28 U.S.C. § 1915(a)(1) and (b)(1). *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 577 U.S. at 86; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). Instead the Court **DIRECTS** the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), or her designee, to collect the entire $350 balance of the filing fee required by 28 U.S.C. § 1914 and to forward all payments to the Clerk of the Court pursuant to the installment provisions set forth in 28 U.S.C. § 1915(b)(2).

## II.   Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A.   Standard of Review

Because Kirvin is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are

immune. *See Williams v. King*, 875 F.3d 500, 502 (9th Cir. 2017) (discussing 28 U.S.C. § 1915(e)(2)) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

Federal Rules of Civil Procedure 8(a) and 12(b)(6) require a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. And while the court "ha[s] an obligation where the petitioner is pro se, particularly in a civil rights case, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

B.   Discussion

In his Complaint, Kirvin alleges Defendants J. Morffin and J. Cepada, both Tower Guard Officers at RJD, "call[ed] and referr[ed] to [him] as a child molester over [the] building speaker," announced that "[y]'all need to jump that child molester off the yard,"

4

and "play[ed] recording of other staff personnel calling and referring to [him] as a child molester," "continuously from May 1, 2021 thr[ough] August 1, 2021." *See* Compl. at 3. Kirvin alleges Defendants O. Lopez and K. Ortiz, who later "started working as Tower Guard" Officers in his building on October 1, 2021, also "play[ed] these same people or recording[s] of the[] same people calling [him] a child molester" "knowing it puts [him] in position of danger." *Id.* Kirvin claims to have filed and exhausted a staff complaint reporting Defendants' actions as "unreasonably subject[ing] [him] to the threat of substantial risk of serious harm at the hands of his fellow prisoners," and alleges to have suffered "a great deal of mental and emotional distress" due to his fear of being attacked.[2] *Id.* at 3, 4.

The Ninth Circuit Court of Appeals has recognized that, while "verbal harassment generally does not violate the Eighth Amendment," particularly egregious verbal harassment "calculated to and . . . caus[ing] [a prisoner] psychological damage" may be sufficient to state a claim for a constitutional violation. *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), *amended on denial of reh'g*, 135 F.3d 1318 (9th Cir. 1998). "[T]he Eighth Amendment requires that prison officials 'must take reasonable measures to guarantee the safety of the inmates.'" *United States v. Williams*, 842 F.3d 1143, 1153 (9th Cir. 2016) ("California's . . . prisoners may be murderers, rapists, drug dealers, and child molesters, but California is responsible for protecting even those sorts of people from murder by other

---

[2] The Court notes that Kirvin seeks punitive damages based on the emotional distress he alleges to have suffered as a result of Defendants' actions, and that a prisoner may not obtain compensatory damages for mental or emotional injury if his "physical injury" is *de minimis*. *See Oliver v. Keller*, 289 F.3d 623, 629 (9th Cir. 2002) (discussing 42 U.S.C. § 1997e(e)). However, the PLRA's physical-injury requirement does not preclude actionable claims for nominal or punitive damages premised on constitutional violations. *See id.* at 629–30; *see also George v. City of Long Beach*, 973 F.2d 706, 708 (9th Cir. 1992) ("In this Circuit, nominal damages must be awarded if a plaintiff proves a violation of his constitutional rights."); *Smith v. Wade*, 461 U.S. 30, 48, 54, 56 ("punitive damages are awarded in the jury's discretion" based on a determination that Defendants acted with evil intent or a "reckless or callous indifference to [the plaintiff's] federally protected rights.").

prisoners."). "[P]rison officials have a duty [under the Eighth Amendment] . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *see also Valandingham v. Bojorquez*, 866 F.2d 1135, 1139 (9th Cir. 1989) (labeling prisoner a "snitch" in the presence of other inmates is sufficient to state a claim of deliberate indifference to an inmate's safety); *Morris v. Burkhouse*, No. CV 19-5839-SVW (KK), 2021 WL 2119497, at *4 (C.D. Cal. March 24, 2021) (finding correctional officer's false accusation of indecent exposure in order to label plaintiff as a sex offender sufficient to demonstrate plaintiff faced "a substantial risk of harm to his health and safety") (citing *Neal v. Shimoda*, 131 F.3d 818, 829 (9th Cir. 1997) ("We can hardly conceive of a state's action bearing more 'stigmatizing consequences' than the labeling of a prison inmate as a sex offender.") (citation omitted)); *Crane v. Gonzales*, No. CV-F-03-6339 OWW WMW P, 2008 WL 2168927, at *2 (E.D. Cal. May 23, 2008) (calling a prisoner a "child molester" in presence of fellow inmates stated Eighth Amendment claim), *report and recommendation adopted*, No. CV-F-03-6339 LJO WMW PC, 2008 WL 2676780 (E.D. Cal. June 30, 2008); *Adams v. Tilton*, No. 1:07-CV-00791 GSA PC, 2009 WL 2915100, at *13 (E.D. Cal. Sept. 9, 2009) (calling plaintiff a "Chester" in front of other inmates is akin to calling him a "snitch"). If a prisoner faces a substantial risk of serious harm, he need not wait until he actually suffers an attack before asserting a deliberate indifference or threat-to-safety claim. *See Helling v. McKinney*, 509 U.S. 25, 33 (1993) ("That the Eighth Amendment protects against future harm to inmates is not a novel proposition.").

The Court assumes as true Kirvin's "well-pleaded factual allegations," which while "short and plain," *see* Fed. R. Civ. P. 8(a)(2), suffice to state a plausible failure to protect claim under the Eighth Amendment.[3] *See Iqbal*, 556 U.S. at 678–79. Therefore, the Court

---

[3] Kirvin also cites the Fourteenth Amendment as the basis for his failure to protect claims, *see* Compl. at 3, but his pleading contains no facts to suggest he seeks to brings a separate claim for relief based on a violation of the Due Process Clause itself. The Eighth

finds Kirvin's Complaint "sufficient to warrant ordering [Defendants] to file an answer." *See Wilhelm*, 680 F.3d at 1116. Accordingly, the Court will direct the U.S. Marshal to effect service of summons and Kirvin's Complaint upon Defendants J. Morffin, J. Cepada, O. Lopez, and K. Ortiz on his behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

## III.   Conclusion and Order

For the reasons explained, the Court:

(1)   **GRANTS** Kirvin's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2);

(2)   **DIRECTS** the Secretary of the CDCR, or her designee, to collect from Kirvin's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO

---

Amendment has been incorporated to apply to the state through the Fourteenth Amendment. *See Robinson v. California*, 370 U.S. 660, 667 (1962) (applying "cruel and unusual punishment" protection to state action through Fourteenth Amendment). "Where an amendment 'provides an explicit textual source of constitutional protection against a particular sort of government behavior,' it is that Amendment that 'must be the guide for analyzing the complaint.'" *Picray v. Sealock*, 138 F.3d 767, 770 (9th Cir. 1998) (citing *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (plurality opinion)). Therefore, because Kirvin is incarcerated and seeks to sue RJD correctional officers based on their alleged failure to ensure his safety, it is the Eighth Amendment's proscription on cruel and unusual punishments, and not "the more generalized notion of 'substantive due process,' [that] must be the guide for analyzing [his] claims." *Albright*, 510 U.S. at 273 (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989)).

THIS ACTION;

(3)   **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Kathleen Alison, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, or by forwarding an electronic version to trusthelpdesk@cdcr.ca.gov;

(4)   **DIRECTS** the Clerk to issue a summons as to Kirvin's Complaint (ECF No. 1) and forward it to Kirvin along with a blank U.S. Marshal Form 285 for Defendants J. Morffin, J. Cepada, O. Lopez, and K. Ortiz. In addition, the Clerk will provide Kirvin with a certified copy of this Order, a certified copy of his Complaint, and the summons so that he may serve these Defendants. Upon receipt of this "IFP Package," Kirvin must complete the Form 285s as completely and accurately as possible, *include an address where each Defendant may be found and/or subject to service*, and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package;

(5)   **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon Defendants J. Morffin, J. Cepada, O. Lopez, and K. Ortiz as directed by Kirvin on the USM Form 285s provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3);

(6)   **ORDERS** Defendants J. Morffin, J. Cepada, O. Lopez, and K. Ortiz, once served, to reply to Kirvin's Complaint, and any subsequent pleading Kirvin may file in this matter in which they are named as parties, within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a) and 15(a)(3). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond); and

/ / /

22cv227-LL-AHG

(7)     **ORDERS** Kirvin, after service has been effected by the U.S. Marshal, to serve upon Defendants J. Morffin, J. Cepada, O. Lopez, and K. Ortiz, or if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Kirvin must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document was served on Defendants or their counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon the Defendants, or their counsel, may be disregarded.

**IT IS SO ORDERED**.

Dated:  March 30, 2022

Honorable Linda Lopez
United States District Judge

22cv227-LL-AHG